IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT MARINELLI,                               )
                                                )
            Plaintiff,                          )
                                                )
     v.                                         )          CIVIL ACTION NO. 2:11CV96-MHT
                                                )
JIM GRIMES, Field Director,                     )
Internal Revenue Service, and DOUGLAS           )
H. SHULMAN, Commissioner of the                 )
Internal Revenue Service,                       )
                                                )
            Defendants.                         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Robert Marinelli, proceeding *pro se*, brings this action against the

Commissioner of the Internal Revenue Service and the Field Director of IRS Compliance

Services.  Plaintiff alleges that defendants "illegally laid a tax on Plaintiff's income," are

holding $2,154.44 of plaintiff's property illegally, and are asserting a deficiency in the

amount of $2,715.00 against plaintiff even though plaintiff is "not a taxpayer as defined."

Plaintiff contends that he has a constitutional right to receive income, and that "[i]ncome is

not the subject of any tax." (See Complaint, ¶¶ 1-18).  Plaintiff seeks judgment against

defendants awarding him compensatory damages in the amount of $15,000.00 and an

injunction precluding "Defendant from attempting to extort money from Plaintiff under color

of law[.]" (Id.).  Plaintiff contends that this court has jurisdiction over this matter pursuant

to 18 U.S.C. § 3231.

This action is presently before the court on the motion to dismiss filed by the United

States on April 8, 2011 (Doc. # 9).  By order entered on April 13, 2011, the court directed

plaintiff to respond to the motion to dismiss on or before April 28, 2011. (Doc. # 11).

Plaintiff responded by filing a document, on April 26, 2011, styled "Motion for Hearing to

Show Evidence or in the Alternative Summary Judgment." (Doc. # 12). Within this

document, plaintiff asserts that he is entitled either to an evidentiary hearing or summary

judgment; he also offers argument in opposition to the motion to dismiss. Upon consideration

of the motion to dismiss and plaintiff's response, the court concludes that the motion to

dismiss is due to be granted.[1]

### DISCUSSION

The United States appears on behalf of Grimes and Shulman and moves to dismiss the

complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The United States contends that

this court lacks jurisdiction to entertain plaintiff's claims for a tax refund, damages and an

injunction, as the United States has not waived its sovereign immunity as to these claims and

has barred expressly, through the Anti-Injunction Act, plaintiff's claim for an injunction. The

United States further asserts that plaintiff's claims are "patently frivolous" and, accordingly,

are subject to dismissal pursuant to Rule 12(b)(6) for failure to state a claim.

### Sovereign Immunity

Plaintiff asserts that this court has jurisdiction over his claims.  He does not respond

---

[1] The court does not address any of the contentions plaintiff may have raised in his motion for summary judgment filed on August 30, 2011 (Doc. # 16), as that motion was filed long after the deadline established by the court for plaintiff's response to the present motion.  (See Doc. # 11).

directly to the United States' assertion of sovereign immunity, but his contention appears to

be that – while the United States' arguments may be valid as to "those who are indeed subject

to or liable for the income tax" – immunity would not bar his claims because he challenged

defendants' position that he owes income taxes "from the outset."  (Doc. # 12, pp. 3-4).

In the style of his complaint, plaintiff identifies the "Defendant(s)" as "Jim Grimes,

Field Director, Internal Revenue Service, and Douglas H. Shulman, Commissioner of the

Internal Revenue Service, Department of the Treasury[.]" (Complaint, p. 1).[2]  In the body

of his complaint, however, plaintiff ascribes none of the alleged conduct to Grimes or

Shulman personally.  Rather, he couches his allegations in terms of what the "Defendant"

(singular) has done – *i.e.*, holding plaintiff's property in the amount of $2,154.44 illegally

(Complaint, ¶ 5), claiming a deficiency due to penalties (id., ¶ 6), taxing plaintiff's income

illegally (id., ¶ 7), claiming that plaintiff is a "taxpayer" under the Internal Revenue Code

(id., ¶ 14), and imposing a "charge for the enjoyment of a right conceded by the Federal

Constitution" (id., ¶ 18). Plaintiff further alleges that, "in April 2010, Plaintiff sent *Defendant*

an IRS Tax Form 1040 for 2007 showing $0.00 taxable income" (id., ¶ 1)(emphasis added).

Plaintiff asserts that "Defendant also imposed 'penalties' under the guise, subterfuge, and

sham of 'collecting taxes'" and asks the court to "enjoin Defendant from attempting to extort

money from Plaintiff under color of law." (Complaint, p. 6, concluding paragraph).  He seeks

---

[2]  The United States construes the complaint to sue four defendants: Grimes, Shulman, the
IRS, and the Department of the Treasury. The court concludes that plaintiff has sued only Grimes
and Shulman. See Complaint, ¶ 6 (listing only Grimes and Shulman in paragraph providing
defendants' addresses).

monetary damages "for Plaintiff[']s property illegally withheld, and Plaintiff[']s time required to defend against Defendants [sic] attempted extortion under color of law." (Id.). Plaintiff alleges no facts in support of individual liability against Grimes and Shulman; it is apparent that he sues these defendants in their official capacities only.[3]

"Official capacity suits are, in reality, suits against the official's agency/entity." Thomas v. U.S. Postal Service, 364 Fed. Appx. 600, 601 (11th Cir. 2010)(citing Kentucky v. Graham, 473 U.S. 159 (1985)). The monetary relief plaintiff seeks – a refund of the money he alleges has been withheld wrongfully and additional compensatory damages – would, if granted, operate against the United States Treasury; the "extortion" he seeks to enjoin is tax assessment and collection by the United States. "'An action is one against the United States as a sovereign where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions.'" Ishler v. Internal Revenue, 237 Fed. Appx. 394 (11th Cir. 2007)(quoting Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1555 (11th Cir. 1985)). "A lawsuit against United States officers

---

[3] The court does not read the complaint to assert individual-capacity claims against these defendants. Even if plaintiff intended to sue them in their individual capacities for the acts alleged in the complaint, such claims would be subject to dismissal. See Al-Sharif v. United States, 296 Fed. Appx. 740, 741-42 (11th Cir. 2008)(Bivens claims against IRS agents for alleged constitutional violations in assessment and levy process foreclosed by the availability of adequate statutory avenues for relief – i.e., "26 U.S.C. § 7433(a) by its terms provides the exclusive remedy for recovering damages against an IRS employee for wrongful collection activities, and 28 U.S.C. § 1346(a)(1) permits suits against the United States 'for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected ... .'").

in [their] official capacit[ies] for money damages that would be paid from the public treasury is a suit against the United States." Ishler, 237 Fed. Appx. at 398. The official capacity defendants may assert sovereign immunity as a bar to plaintiff's claims.[4]

Absent an "unequivocally expressed" waiver, sovereign immunity bars lawsuits against the federal government, its agencies and, generally, its employees sued in their official capacities. Ishler, 237 Fed. Appx. at 397-98. Where sovereign immunity applies, the court lacks subject matter jurisdiction over the claim. Id. at 397. "Congress can waive sovereign immunity, but any such waiver must be 'unequivocally expressed in the statutory text,' and the waiver's scope is to be strictly construed in favor of the sovereign. '[T]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.'"Galvez v. I.R.S., 2011 WL 4348328, *3 (11th Cir. Sept. 19, 2011)(citations omitted). The government's motion in this case raises a "facial attack" as to the court's subject matter jurisdiction over plaintiff's claims – i.e., the government contends that, taking plaintiff's factual allegations as true, plaintiff has failed to allege a factual basis sufficient to support subject matter jurisdiction. "[T]he plaintiff bears the burden of establishing subject matter jurisdiction ... and, thus, must prove an explicit waiver of immunity." Ishler, 237 Fed. Appx. at 398 (citation omitted). In his complaint, plaintiff asserts

---

[4] The United States appears on behalf of the defendants named by plaintiff, contending that it should be substituted as the only proper defendant. (Doc. # 9, pp. 2-3). Plaintiff does not respond to this argument. As noted above, plaintiff's official-capacity claims against Grimes and Shulman are, in effect, claims against the United States. The injunctive relief plaintiff seeks is, as discussed infra, barred by the Anti-Injunction Act. The motion of the United States to be substituted for Grimes and Shulman is due to be granted.

that this court has jurisdiction pursuant to 18 U.S.C. § 3231, which states that federal district

courts "shall have original jurisdiction, exclusive of the courts of the States, of all offenses

against the laws of the United States." (Complaint, pp. 1-2; 18 U.S.C. § 3231).  The statutory

provision falls within Title 18 of the United States Code – the title pertaining to crimes and

criminal procedure – and the court finds nothing in the language of § 3231 which constitutes

an "unequivocally expressed" waiver of the sovereign immunity of the United States.[5]  In his

motion for hearing/response (Doc. # 12), plaintiff identifies no other statute as including a

Congressional waiver of sovereign immunity applicable to this case.

Congress has provided a limited waiver of the United States' sovereign immunity for

civil lawsuits seeking the recovery of "any internal revenue tax alleged to have been

erroneously or illegally assessed or collected."  26 U.S.C. § 7422.  The statute precludes suit

until a claim for refund has been filed in accordance with law and the applicable regulations.

See id.  Plaintiff alleges that "[r]ealizing and receiving income or earnings is not a privilege

that can be taxed" but, instead, is a right; "[d]efendant illegally laid a tax on Plaintiff's

income[;]" and plaintiff "sent Defendant in IRS Tax Form 1040 for 2007 showing $0.00

taxable income" in an attempt "to retrieve property illegally withheld." (Complaint, ¶¶ 1, 4,

7, 8).  Plaintiff's allegations are insufficient to demonstrate that he filed a claim for refund

in accordance with the law and the regulations of the Secretary of the Treasury.  In his

---

[5] Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290 (11th Cir. 2008), did not involve
a question of sovereign immunity.  However, in Adventure Outdoors, the Eleventh Circuit declined
to construe  § 3231 as "authorizing a federal private right of action any time a civil plaintiff invokes
a federal criminal statute."  Id. at 1303.

response to the motion to dismiss, plaintiff makes no argument that he has satisfied this

prerequisite to the waiver of sovereign immunity provided by § 7422. As noted above,

plaintiff bears the burden of establishing subject matter jurisdiction; he has failed to allege

facts sufficient to demonstrate that his claim in this court to recover the amount withheld by

the government falls within the terms of the waiver of sovereign immunity provided for such

claims.[6] The waiver provided by another statute, 28 U.S.C. § 1346(a)(1), "only applies when

a taxpayer pays to the IRS the full amount of the contested tax liability[.]" Ishler, 237 Fed.

Appx. at 398 (citing Flora v. United States, 362 U.S. 145, 176-77 (1960)).  Plaintiff alleges

that the government claims a deficiency in the amount of $2,715.00 (Complaint, ¶ 6) and,

accordingly, 28 U.S.C. § 1346(a)(1) does not permit plaintiff's claim for a refund.

Plaintiff has also failed to identify any waiver of sovereign immunity that would allow

this court to entertain his claim for damages.  Section 7433 of Title 26 of the United States

Code waives the government's sovereign immunity as to actions for civil damages for certain

unauthorized collection actions and applies only when an officer or employee of the Internal

Revenue Service disregards any provision of Title 26 or any regulation promulgated under

---

[6]  Plaintiff's complaint alleges few facts regarding the substance of the Form 1040 he
completed. However, as the government argues, courts consistently have found returns reporting
only zeros, or "zeros instead of income" not to be sufficient claims for refund.  See Gregoline v.
U.S., 99 Fed. Cl. 161, 166-67 (Fed. Cl. 2011)(listing cases); cf. United States v. Pilcher, 672 F.2d
875, 877 (11th Cir.), *cert. denied*, Pilcher v. U.S., 459 U.S. 973 (1982)(observing, in a criminal
context, that "Protest documents duplicating U.S. individual income tax return form 1040[]s but
containing no financial data are not tax 'returns' for the purposes of section 7203"). The court here
finds only that plaintiff's allegations are insufficient to demonstrate that his return constitutes a claim
for refund sufficient to support a waiver of sovereign immunity.

Title 26.  See 26 U.S.C. § 7433 ("If, in connection with any collection of Federal tax with

respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or

intentionally, or by reason of negligence, disregards any provision of this title, or any

regulation promulgated under this title, such taxpayer may bring a civil action for damages

against the United States in a district court of the United States.").  Plaintiff alleges that he

is not a taxpayer within the purview of the Internal Revenue Code, but he fails to identify any

statutory or regulatory provision that IRS officers or employees have disregarded.[7]  Rather,

he alleges that the government interfered with rights secured to him by the "Federal

Constitution."  (Complaint, ¶¶ 17-18).  Plaintiff's claim does not fall within the waiver of

---

[7] Plaintiff alleges that he "is not a taxpayer as defined[,]" and complains that defendant "does not name the statute, if one exists, that imposes a tax on Plaintiff's activities." (Complaint, ¶ 2, 14). Plaintiff bears the burden of establishing that his claim falls within a waiver of sovereign immunity allowed by Congress.  While the court is obligated to construe *pro se* pleadings liberally (see Haines v. Kerner, 404 U.S. 519 (1972)), it must also construe Section 7433's waiver of sovereign immunity strictly, in favor of the sovereign.  Galvez, 2011 WL 4348328 at * 3; Raulerson v. United States, 786 F.2d 1090 (11th Cir. 1986).  Plaintiff's bare allegation that he is "not a taxpayer as defined" cannot be fairly construed to allege that an IRS officer or employee has disregarded a provision of Title 26 or the regulations promulgated under Title 26. See Gonsalves v. I.R.S., 975 F.2d 13 (1st Cir. 1992)(allegation that IRS used "delaying and evasive tactics" insufficient to establish a claim within the waiver of sovereign immunity provided in Section 7433, where plaintiff "could not point to any specific statute or regulation which those tactics might have violated"); see also id. (Section 7433 was not intended to allow a party to circumvent the tax refund procedures). In his motion for hearing/response, plaintiff makes clear that his claim is not based on disregard of a specific statutory or regulatory provision but, rather, on the alleged absence of any statute that makes his activities taxable.  (Doc. # 12, p. 4)("Plaintiff submits that no statute exists that makes Plaintiff['s] activities revenue taxable, and that Plaintiff is involved in lawful, innocent, and harmless activities, and that Defendant's actions deliberately violate Plaintiff['s] fundamental right to earn a living."). To the extent plaintiff claims that defendant assessed penalties against him wrongfully (see Complaint, ¶ 6), this penalty assessment does not constitute "any collection of Federal tax" within the meaning of Section 7433. See Shaw v. United States, 20 F.3d 182, 184 (5th Cir.), *cert. denied*, 513 U.S. 1041 (1994)(plaintiff whose claim arose from wrongful assessment of tax penalty could not proceed under Section 7433).

sovereign immunity expressed in Section 7433.

While Congress has waived sovereign immunity to allow civil actions for damages arising out of certain other Internal Revenue activities (see United States Code, Title 26, Chapter 76, Subchapter B), the allegations of plaintiff's complaint do not implicate any of these provisions.  Plaintiff does not assert that his claims fall within the waiver provided by the Federal Tort Claims Act, and the court concludes that they do not.  See Al-Sharif v. U.S., 296 Fed. Appx. 740, 742 (11th Cir. 2008)(FTCA "expressly provides that it does not apply to '[a]ny claim arising in respect of the assessment or collection of any tax ... .'")(citing 28 U.S.C. § 2680(c)).

In his complaint, plaintiff alleges that "Defendant also imposed 'penalties' under the guise, subterfuge, and sham of 'collecting taxes'" and he "seeks to have the court enjoin Defendant from attempting to extort money from Plaintiff under color of law[.]" (Complaint, p. 6).  The government contends that plaintiff's claim for injunctive relief is barred by 26 U.S.C. § 7421(a), the Anti-Injunction Act. "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." Enoch v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  The court lacks subject matter jurisdiction to entertain a claim that is barred by the Anti-Injunction Act.  See Gulden v. U.S., 287 Fed. Appx. 813 (11th Cir. 2008).

> Aside from the statutes describing the affirmative requirements for bringing
> a tax refund suit, Congress has also expressly excluded from judicial review

other types of federal tax disputes. The Declaratory Judgment Act ... excludes federal tax matters from its remedial scheme.... And the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421, provides that, except for suits brought under a handful of enumerated statutory exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

Taking these provisions together, it is clear that ... judicial review of IRS determinations is largely circumscribed to entertaining suits for the refund of already-paid taxes. ... Against the backdrop of sovereign immunity, these statutes prescribe the terms of the United States' limited consent to be sued regarding federal tax matters, and accordingly "define th[e] court's jurisdiction to entertain the suit."

Christian Coalition of Florida, Inc. v. U.S., __ F.3d __, 2011 WL 5553651 (11th Cir. Nov. 15, 2011)(citations and footnote omitted). The court has reviewed the statutory exceptions set forth in Section 7421(a) and concludes that they do not apply in this case; plaintiff does not argue otherwise. Also, the judicial exception established by the Supreme Court in Williams Packing – holding that the Anti-Injunction Act does not apply when: (1) it is clear that the government could not prevail under any circumstances; and (2) equity jurisdiction otherwise exists due to the likelihood of irreparable injury and the lack of an adequate remedy at law (see Williams Packing, 370 U.S. at 7) – is inapplicable because, *inter alia*, Section 7422 provides an adequate remedy at law. Gulden, 287 Fed. Appx. at 817 ("An adequate remedy at law, for purposes of challenging the IRS's collection of an alleged tax deficiency, includes a taxpayer's option of paying the disputed tax and then suing for a refund.")(citing Hobson v. Fischbeck, 758 F.2d 579, 581 (11th Cir. 1985)). Also, plaintiff does not claim that he faces irreparable injury absent an injunction. Accordingly, the

10

injunctive relief plaintiff seeks is barred by the Anti-Injunction Act.[8]

## CONCLUSION

The United States has not waived its sovereign immunity as to the claims plaintiff

asserts in this lawsuit. Accordingly, it is the RECOMMENDATION of the Magistrate Judge

that: (1) the motion of the United States to be substituted for the named defendants be

GRANTED; (2) the United States' motion to dismiss (Doc. # 9) be GRANTED, and

plaintiff's claims dismissed for lack of subject matter jurisdiction; and (3) plaintiff's motion

for an evidentiary hearing or, in the alternative, for summary judgment (Doc. # 12) and his

motion for summary judgment (Doc. # 16) be DENIED, as this court lacks jurisdiction to

entertain plaintiff's claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any

objections to this Recommendation on or before December 23, 2011. Any objections filed

must specifically identify the findings in the Magistrate Judge's Recommendation objected

to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[8] Because plaintiff's claims are due to be dismissed for lack of jurisdiction, the court does not address the government's contention that plaintiff's claims are frivolous and subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144,

1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

  DONE, this 8th day of December, 2011.


      /s/ Susan Russ Walker
      SUSAN RUSS WALKER
      CHIEF UNITED STATES MAGISTRATE JUDGE